UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAURICE BOND,                                                                                    Plaintiff,

v.                                                                Civil Action No. 3:18-cv-271-DJH-CHL

COMPUCOM SYSTEMS, INC.,                                                                          Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Maurice Bond alleges discrimination by his employer, CompuCom Systems, Inc., in violation of the Kentucky Civil Rights Act. (D.N. 1) Bond filed a complaint with the Kentucky Commission on Human Rights (KCHR) regarding the alleged discrimination, but KCHR found no probable cause to believe CompuCom acted unlawfully under the KCRA. (D.N. 4-2; D.N. 4-7) Bond then brought this action, again arguing that CompuCom violated the KCRA. (D.N. 1) CompuCom moved to dismiss on the ground that Bond's claims are administratively precluded. (D.N. 4) It further requests that the Court award attorney fees and costs. (*Id.*) Bond seeks leave to amend his complaint in order to satisfy federal pleading standards. (D.N. 14; D.N. 16) After careful consideration and for the reasons set forth below, the Court will grant CompuCom's motion to dismiss and deny CompuCom's request for fees, as well as Bond's motion to amend.

**I.      BACKGROUND**

Bond contends that CompuCom discriminated against him while he was employed by CompuCom in April 2017. (D.N. 1-2, PageID # 9; D.N. 4-2, PageID # 41) Bond first reported the discrimination to CompuCom authorities, but CompuCom took no action. (*Id.*) Bond next filed a complaint with KCHR in July 2017, asserting that CompuCom discriminated against him due to his race. (D.N. 4-2, PageID # 41) CompuCom filed a response with KCHR, denying the

1

allegations. (D.N. 4-3, PageID # 42) In September 2017, CompuCom fired Bond purportedly because he was repeatedly tardy or absent from work and notified KCHR of Bond's termination. (D.N. 4-4, PageID # 50) KCHR requested information from CompuCom regarding Bond's employment, termination, and alleged discrimination, including files and documents related to CompuCom's employees and procedures. (D.N. 4-5; D.N. 4-6) After reviewing that information, Bond's complaint, and CompuCom's response, KCHR issued a final and appealable dismissal order in March 2018; KCHR concluded that there was no probable cause to believe CompuCom engaged in an unlawful practice under the KCRA. (D.N. 4-7, PageID # 68)

Rather than appeal the KCHR decision, Bond filed a complaint in Kentucky state court alleging that CompuCom discriminated and retaliated against him unlawfully under the KCRA. (D.N. 1-2) CompuCom removed the case to this Court and moved to dismiss, arguing that Bond's claims are barred by the election-of-remedies doctrine and administratively precluded. (D.N. 1; D.N. 4, PageID # 139) CompuCom also requests an award of attorney fees and costs because Bond filed this action despite being aware of the KCHR proceedings. (*Id.*) Bond, without directly addressing the issue of administrative preclusion, maintains that the KCHR proceedings were not thorough enough to be barred under the election-of-remedies doctrine. (D.N. 14, PageID # 117) Additionally, while Bond seeks leave to amend his complaint in order to satisfy federal pleading standards, he has not submitted a proposed amended complaint. (D.N. 13, PageID # 105)

## II. MOTION TO AMEND

### A. Standard

Leave to amend should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). This means that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or . . . futility of amendment, etc.—the leave sought should, as the rules require,

be 'freely given.'" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But a proposed amendment is futile, and should not be permitted, if the amendment could not survive a Rule 12(b)(6) motion to dismiss. *Beydoub v. Sessions*, 871 F.3d 459, 469 (2017).

Normally, a plaintiff must attach a copy of his proposed amended complaint to a motion to amend. *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). "Although courts may (and in the ordinary course should) require an amendment's proponent to attach a copy of the proposed amended complaint for filing in the event the motion for leave to amend is granted, 'the motion itself may be acceptable so long as it puts the opposing party on notice of the content of the amendment.'" *Shillman v. United States*, 221 F.3d 1336, 2000 WL 923761, at *6 (6th Cir. 2000) (quoting *Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993)). However, "[s]imply requesting leave to amend without providing details as to what and how the party will amend the complaint is insufficient[, a]nd[] a court does not abuse its discretion in denying a threadbare motion to amend." *Mowett v. JPMorgan Chase Bank*, No. 15-12612, 2016 WL 1259091, at *7 (E.D. Mich. Mar. 31, 2016).

**B. Discussion**

Bond neither attached a proposed amended complaint to his motion nor described the changes he intends to make; rather, Bond merely states that he should be granted leave to amend his complaint in order to meet the "heightened federal [pleading] standard." (D.N. 13, PageID # 105) Bond's failure to provide a proposed complaint or explain his intended changes prevents the Court from determining the validity of the changes, and Bond's motion gives CompuCom no notice of the content of the proposed complaint. *See Mowett*, 2016 WL 1259091, at *7; *Shillman*, 2000 WL 923761, at *6. The Court will therefore deny Bond's motion to amend.

3

## III. MOTION TO DISMISS

### A. Standard

To survive a Rule 12(b)(6) motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating whether this pleading standard has been satisfied, the Court must "accept the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Bon-Ing, Inc. v. Hodges*, 700 F. App'x 461, 464 (6th Cir. 2017). The Court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" in addition to the complaint itself. *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014). "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 441 (6th Cir. 2012) (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). The Court may take judicial notice of administrative proceedings in resolving a motion under Rule 12(b)(6). *See Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016); *New England Health Care Emples. Pension Fund v. Ernst & Young*, 336 F.3d 495, 501 (6th Cir. 2003); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980); *see also Johnson v. GSM Mgmt. Co.*, No. 5:04-CV-01684, 2006 WL 2813379, at *3 (N.D. Ohio Sept. 28, 2006) (finding that the court can look to administrative proceedings when considering a Rule 12(b)(6) motion because they are public records).

A claim cannot survive a motion to dismiss if it is administratively precluded. *See Woodruff v. Blazin Wings, Inc.*, No. 3:14-CV-556-TBR, 2014 WL 5439283, at *1 (W.D. Ky. Oct. 23, 2014). "An issue may be precluded from litigation if a [state] administrative agency, while 'acting in a judicial capacity,' 'resolves disputed issues of fact' which the 'parties have had an adequate opportunity to litigate.'" *Id.* at *2 (quoting *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 (6th Cir. 2012)). When a state administrative board "hears evidence, gives the parties an opportunity to brief and argue their versions of the facts, and . . . an opportunity to seek court review of any adverse findings," it acts in a judicial capacity. *Herrera*, 680 F.3d at 548. In such circumstances, the Court must give the administrative agency's findings the same preclusive effect as that given to decisions of state courts. *Id.*

**B. Discussion**

CompuCom contends that Bond's claims should be dismissed because they were fully adjudicated by KCHR and are therefore administratively precluded. (D.N. 4-1, PageID # 38) Though CompuCom attached documents from the KCHR proceedings to its motion, Bond makes no mention of the state proceedings in his complaint and has failed to address CompuCom's administrative-preclusion argument. (D.N. 1-2; D.N. 4-2; D.N. 4-3; D.N. 4-4; D.N. 4-5; D.N. 14) As discussed above, the Court may take judicial notice of the KCHR proceedings. *See Solo*, 819 F.3d at 794. Here, as in *Johnson*, the defendant uses public records pertaining to the proceedings before a state administrative agency to support its motion. (D.N. 4; D.N. 4-1; D.N. 4-2; D.N. 4-3; D.N. 4-4; D.N. 4-6; D.N. 4-7) As these are undisputedly authentic documents, attached to the pleadings, and pertaining to the KCHR hearings, the Court may consider them in deciding CompuCom's motion to dismiss. *See Johnson*, 2006 WL 2813379, at *3.

5

The documents show that KCHR heard evidence and gave the parties an opportunity to present their respective versions of the facts and appeal adverse findings. *See Herrera*, 680 F.3d at 548. Both parties submitted briefs and additional evidence to KCHR. (D.N. 4-2; D.N. 4-3) KCHR received evidence related to Bond's claims, asked questions, and requested more information on multiple occasions before finding no probable cause to support Bond's contention that CompuCom engaged in an unlawful practice under the KCRA. (D.N. 4-5; D.N. 4-6) While Bond's KCHR complaint only alleged discrimination and did not address retaliation, a KCRA retaliation claim requires an underlying KCRA violation; here, KCHR expressly found that there was no probable cause to believe that CompuCom violated the KCRA. (D.N. 4-2, PageID # 41; D.N. 4-7, D.N. PageID # 68) Ky. Rev. Stat. § 344.380; *see Himmelheber v. ev3, Inc.*, No. CIV.A. 3:07-CV-593H, 2008 WL 360694, at *2 (W.D. Ky. Feb. 8, 2008). From this record it is clear that KCHR effectively resolved all of Bond's current claims. And Bond had the opportunity to appeal KCHR's findings, but declined to do so. (D.N. 4-7)

The KCHR process described above is similar to the procedure applied by the Lexington-Fayette Urban County Human Rights Commission (Fayette HRC) in *Herrera.* 680 F.3d at 548-49. There, the Sixth Circuit found Herrera's claims to be administratively precluded because Herrera had the opportunity to present a "short, plain and concise statement" to the Fayette HRC; the defendant had the opportunity respond to the allegations in the complaint; the Fayette HRC was required to investigate; and Herrera could appeal the Fayette HRC's findings. *Id.* The KCHR proceedings here, like the proceedings in *Herrera*, fully addressed all of the plaintiff's claims. *See id.* at 547. Because the parties were afforded an adequate opportunity to litigate Bond's claims before KCHR and that body acted in a judicial capacity to resolve the factual issues in dispute here, the claims are administratively precluded and will be dismissed. *See id.* at 548.

## IV. MOTION FOR ATTORNEY FEES AND COSTS

### A. Standard

Absent statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorney fees and costs. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 263–64 (1975); *Children's Ctr. for Developmental Enrichment v. Machle*, 612 F.3d 518, 524 (6th Cir. 2010); *Shimman v. Int'l Union of Operating Eng'rs, Local 18,* 744 F.2d 1226, 1229 (6th Cir. 1984). One exception to this rule is that federal courts may award attorney fees to a prevailing party if the losing party acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Co.*, 421 U.S. at 258-59. Bad faith may exist where a claim is deemed to be without merit. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 42, 421-22 (1978). The rationale behind this exception is punishment of the wrongdoer, not compensation of the victim. *Hall v. Cole*, 412 U.S. 1, 5 (1973).

The Court may also award costs and fees where a party has "unreasonably and vexatiously" multiplied the proceedings in a case. 28 U.S.C. § 1927. An "unreasonable and vexatious multiplication" occurs only where a party knows or reasonably should know that a claim is frivolous. *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). To warrant sanctions under § 1927, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987); *see also Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007). Mere inadvertence or negligence by the attorney is insufficient. *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 531 (6th Cir. 2006) (citing *Ruben*, 825 F.2d at 984); *see also Stephens v. Freeman-McCown*, 198 F.3d 247 (6th Cir.

7

1999) (finding only negligence or inadvertence where plaintiff filed a meritless complaint that was dismissed after six months). In short, an award of attorney fees under § 1927 is "an extreme sanction and must be limited to truly egregious cases of misconduct." *Jones*, 789 F.2d at 1232.

**B. Discussion**

CompuCom contends that Bond's attorney acted in bad faith and unreasonably multiplied proceedings because he filed this action despite being aware of KCHR's review. (D.N. 4-1, PageID # 40) Yet, nothing in the record suggests that Bond's counsel acted in bad faith in filing the suit. Because Bond did not present his retaliation claim to KCHR, it was not clear that all of Bond's claims were precluded when the suit was filed. *Cf. Dubuc v. Green Oak Twp.*, 312 F.3d 736, 755 (6th Cir. 2002) (ruling that where claim-preclusion issue was not clear, plaintiff did not unreasonably multiply the proceedings even though his claims were found to be precluded). While the Court ultimately disagrees with Bond's argument that the KCHR processes were inadequate, nothing suggests that Bond brought this action in bad faith or knowingly filed a frivolous claim. The Court will therefore deny CompuCom's motion for attorney fees and costs.

## V. CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Bond's motion for leave to amend (D.N. 13) is **DENIED**.

(2) CompuCom's motion to dismiss (D.N. 4) is **GRANTED**. CompuCom's request for attorney fees and costs is **DENIED**.

(3) This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

January 22, 2019

**David J. Hale, Judge**
**United States District Court**